1  MELINDA HAAG (CABN 132612)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  EDWIN L. JOE (SBN 112328)
4  Special Assistant United States Attorney

5      455 Market Street, 6th Floor
       San Francisco, California  94105-2420
6      Telephone:    (415) 744-8494
7      Facsimile:    (202) 481-1810 or (415) 744-6812
       Email:        edwin.joe@sba.gov
8
   Attorneys for UNITED STATES OF AMERICA,
9  acting on behalf of its Agency U.S. SMALL BUSINESS ADMINISTRATION

10

11                           UNITED STATES DISTRICT COURT

12                         NORTHERN DISTRICT OF CALIFORNIA

13                                  SAN JOSE DIVISION

14

15  UNITED STATES OF AMERICA,         )    Civil No: CV11 2588 HRL
                                      )
16             Plaintiff,             )
                                      )
17     v.                             )    Date:  December 13, 2011
                                      )    Time:  1:30 PM
18                                    )    Ctrm:  2, 5th Floor
                                      )           280 South 1st St.
19   Arlene Stevens                   )           San Jose, CA  95113
                                      )
20             Defendant.             )
                                      )    Hon. Magistrate Judge
21  _____)    Howard R. Lloyd

22

23             **CASE MANAGEMENT CONFERENCE STATEMENT OF USA**

24      Plaintiff, the United States of America ("USA"), on behalf of the U.S. Small Business

25  Administration ("SBA") submits this Case Management Statement and Proposed Order and

26  request the Court adopt it as its Case Management Order in this case.

27                               Description of the Case
28  CV11 2588 HRL- CASE MANAGEMENT CONFERENCE STATEMENT                              1

1. <u>Overview</u>:  This is a debt collection case.  After foreclosure of the real estate collateral by a third party, SBA is owed by defendant(s) over $1.5 million dollars.

2. <u>Jurisdiction</u>:  This court has jurisdiction pursuant to 28 U.S.C. §1345 and 15 U.S.C§634(b)(1).

3. <u>Current Status</u>:  Default and Default Judgment by the Clerk was entered on November 18, 2011.

5. <u>USA Requests the Matter Remain Open for 90-120 Days</u>:    Plaintiff is in the process of recording the Notice of Judgment Lien and affording the defendant and other interested parties an opportunity to resolve the judgment.  As indicated in the various disclosure statements in the dismissed bankruptcy case of *In re TV-32 Digital Ventures*, Case No. 09-58098, there are contested funds of approximately $645,500 in proceeds from the sale of the Woodside Residence[1].  Briefly, multiple parties claim an interest in the funds in the state court matter[2], including three of Steven's prior counsels[3] for attorney fees, and Booker Wade at to a 50% interest.[4]

---

[1]  Enclosed as Exhibit A is a true copy of the March 25, 2010 Notice of Entry of Order Releasing to Plaintiff the Proceeds from the Sale of 3575 Tripp Road, Woodside, CA, Case No. 107CV090284.

[2]  *Arlene D. Stevens v. Booker Wade, Jr. and Related Cross Action*, Case No. 1-07-CV-090284, Superior Court of California, County of Santa Clara.

[3]  David Hamerslough of *Rossi, Hamerslough, Reischl & Chuck*,  Stephen S. Fry,  and William J. Healy, of *Campeau Goodsell Smith, L.C*.

[4]  Enclosed as Exhibit B is a true copy of the June 17, 2010 State Court Order Re Booker T. Wade, Jr.'s Motion to Vacate Settlement Agreement, or Alternatively to Terminate Arbitration Proceedings and Vacate Orders, Case No. 107CV090284.

Should the parties be unable to timely resolve their respective claims as to the contested funds within the next 60 days, then plaintiff will seek to negotiate a settlement of those funds, mediation, or other appropriate post-judgment remedies within the next 90-120 days, including but not limited to a writ of garnishment[5] and/or hearing related to the writ.

6. <u>Consent to the Magistrate Judge For All Purposes</u>. Plaintiff has consented to the Magistrate Judge for all purposes.

7. <u>Continued CMC</u>: Therefore, the USA suggests continuing the December 13, 2011 Case Management Conference until at least March 6, 2012. A Case Management Statement is to be filed within seven days prior to the hearing date on or before February 28, 2012.

Dated: December 5, 2011         /s/ Edwin L. Joe
                                Edwin L. Joe
                                Special Assistant United States Attorney

---

[5] As to any and all bank accounts, held in the name of or the benefit of Arlene Stevens, with Comerica Bank, 333 W. Santa Clara St., San Jose CA, including account number 1894347507.

CV11 2588 HRL- CASE MANAGEMENT CONFERENCE STATEMENT                3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

CV11 2588 HRL- CASE MANAGEMENT CONFERENCE STATEMENT                                        4

David Hamerslough (SBN 95010)
Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda, Suite 200
San Jose, CA 95126-1493
(408) 261-4252
(408) 261-4292 (Fax)

Stephen S. Fry, Esq.
P.O. Box 2412
Grass Valley, CA 95945
(530) 264-7224
(530) 264-7225 (Fax)

Associated Attorney for Plaintiffs
ARLENE D. STEVENS

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| ARLENE D. STEVENS<br><br>Plaintiff,<br><br>vs.<br><br>BOOKER T. WADE, JR., and DOES 1 to 10, inclusive<br><br>Defendant.<br><br>AND RELATED CROSS-ACTION | Case No.: 1-07-CV-090284<br><br>**NOTICE OF ENTRY OF ORDER RELEASING TO PLAINTIFF THE PROCEEDS FROM THE SALE OF 3575 TRIPP ROAD, WOODSIDE, CA** |

PLEASE TAKE NOTICE that on March 23, 2010, the Court entered its Order Releasing To Plaintiff The Proceeds From The Sale Of 3575 Tripp Road, Woodside, CA, a true and correct copy of which is attached hereto as Exhibit "A".

DATED: March 24, 2010.

ROSSI, HAMERSLOUGH, REISCHL & CHUCK

By _D. Hamerslough_
DAVID HAMERSLOUGH
Attorneys for Plaintiff ARLENE D. STEVENS

NOTICE OF ENTRY OF ORDER RELEASING TO PLAINTIFF THE PROCEEDS FROM THE SALE OF 3575 TRIPP ROAD, WOODSIDE, CA
S:\CL\D\D08115\PLEADINGS\Ntc. of Entry Order Releasing Proceeds 03-24-10.doc

1

David Hamerslough (SBN 95010)
Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda, Suite 200
San Jose, CA 95126-1493
(408) 261-4252
(408) 261-4292 (Fax)

Stephen S. Fry, ESQ.
P.O. Box 2412
Grass Valley, CA 95945
(530) 264-7224
(530) 264-7225 (Fax)

Associated Attorney for Plaintiffs
ARLENE D. STEVENS

ENDORSED
2010 MAR 23  A 11: 12

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: A. Ilas, Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| ARLENE D. STEVENS<br><br>Plaintiff,<br><br>vs.<br><br>BOOKER T. WADE, JR., and DOES 1 to 10, inclusive<br><br>Defendant.<br><br>AND RELATED CROSS-ACTION | Case No.: 1-07-CV-090284<br><br>[~~PROPOSED~~] ORDER RELEASING TO PLAINTIFF THE PROCEEDS FROM THE SALE OF 3575 TRIPP ROAD, WOODSIDE, CA<br><br>Date:    March 19, 2010<br>Time:    9:00 a.m.<br>Dept.    17<br>Judge:   Hon. Jamie Jacobs-May |

Plaintiff Arlene D. Stevens' noticed motion for an order releasing to Plaintiff the proceeds from the sale of 3575 Tripp Road, Woodside, CA, came on regularly for hearing on March 19, 2010 at 9:00 am in Department No. 17 of the Superior Court of California, County of Santa Clara, before the Honorable Jamie Jacobs-May. David Hamerslough appeared for plaintiff Arlene D. Stevens. Defendant Booker T. Wade, Jr., in propria persona appeared on his own behalf.

Having read the motion and supporting papers and any opposing papers, as well as having heard any oral arguments of counsel or party, good cause appearing therefrom, the Court orders as follows:

1    IT IS ORDERED that $646,643.64, the net proceeds from the sale of Woodside deposited into

2  an interest bearing account on December 15, 2009, plus interest accrued thereon, may be

3  [immediately released] [released upon the effective date of service of Notice of Entry of this Order]

4  to Plaintiff Arlene D. Stevens.

ENDORSED
2010 MAR 23 A 11: 42

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: _____ Deputy Clerk

6  DATED: March 19, 2010.

7                                          By _____
8                                             HON. JAIME JACOBS-MAY
                                              Judge of the Superior Court

This order is stayed for 14 days to & including April 2, 2010, in order to allow Mr. Wade to seek a writ before the Court of Appeal. The stay shall dissolve if the Court of Appeal does not issue a further stay by that date.

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA 95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

Order Releasing to Plaintiff the Proceeds from the Sale of 3575 Tripp Road, Woodside, CA                2

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA:

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1960 The Alameda, Suite 200, San Jose, CA 95126-1493. On the date set forth below I served the documents described below:

**NOTICE OF ENTRY OF ORDER RELEASING TO PLAINTIFF THE PROCEEDS FROM THE SALE OF 3575 TRIPP ROAD, WOODSIDE, CA**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Stephen S. Fry, Esq.<br>P.O. Box 2412<br>Grass Valley, CA 95945<br>(530) 264-7224<br>(530) 264-7225 (Fax) | Co-Counsel for Plaintiff Arlene D. Stevens |
| Booker T. Wade, Jr.<br>1010 Corporation Way<br>Palo Alto, CA 94303<br>(415) 378-6250<br>(650) 965-4014 (Fax) | In Pro Per |

[X] (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Jose, California.

[ ] (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ] (BY ELECTRONIC TRANSMISSION) I caused such document(s) to be transmitted by electronic transmission on this date to the offices of addressee(s). The transmission was reported as complete and without error.

[X] (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date to the offices of addressee(s). The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting facsimile machine, will be attached hereto after transmission.

[ ] (BY FEDERAL EXPRESS) I caused such envelope(s) with postage thereon fully prepaid to be placed in the Federal Express office at San Jose, California.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on March 24, 2010 at San Jose, California.

LINDA L. DAVIS

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA 95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT B

CV11 2588 HRL- CASE MANAGEMENT CONFERENCE STATEMENT    5

```
 1 │ David Hamerslough (SBN 95010)
   │ Rossi, Hamerslough, Reischl & Chuck
 2 │ 1960 The Alameda, Suite 200
   │ San Jose, CA 95126-1493
 3 │ (408) 261-4252
   │ (408) 261-4292 (Fax)
 4 │
   │ Stephen S. Fry, Esq.
 5 │ Attorney at Law
   │ 770 Menlo Avenue, #101
 6 │ Menlo Park, CA 94025
   │ (650) 322-5376
 7 │ (650) 327-0619 (Fax)
 8 │ Associated Attorneys for Plaintiffs,
   │ ARLENE D. STEVENS, TV-32 DIGITAL VENTURES, INC.,
 9 │ and SUNGILT CORPORATION
```

(ENDORSED)
**FILED**
JUN 17 2010
DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ DEPUTY
Lisa Wilson

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| ARLENE D. STEVENS, TV-32 DIGITAL VENTURES, INC., and SUNGILT CORPORATION<br><br>Plaintiffs,<br><br>vs.<br><br>BOOKER T. WADE, JR., MINORITY TELEVISION PROJECT, INC., COOPER-FOWLER MEDIA COMPANY, SHEILA ROBERTSON TALLEY, GREG TALLEY and DOES 1 to 10, inclusive<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Case No.: 1-07-CV-090284<br><br>[CONSOLIDATED]<br><br>[PROPOSED]<br>ORDER RE BOOKER T. WADE, JR.'S MOTION TO VACATE SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, TO TERMINATE ARBITRATION PROCEEDING AND VACATE ORDERS DENYING MOTIONS TO RESCIND SETTLEMENT, ENFORCING SETTLEMENT AGREEMENT, AUTHORIZING CLERK OF COURT TO EXECUTE QUITCLAIM DEED AND VACATING ESCROW<br><br>Date: June 8, 2010<br>Time: 9:00 a.m.<br>Dept: 1<br>Before: Hon. James P. Kleinberg<br><br>Action Filed: July 20, 2007<br>Trial Date: None |

ORDER RE BOOKER T. WADE, JR.'S MOTION TO VACATE SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, TO TERMINATE ARBITRATION PROCEEDING AND VACATE ORDERS
S:\CL\D\D08115\PLEADINGS\Order re Wade's Mtn. to Vacate Settlement 06-08-10.doc

1

On June 8, 2010, Defendant, Booker T. Wade's Motion To Vacate Settlement Agreement, or, Alternatively, to Terminate Arbitration Proceeding and Vacate Orders Denying Motions to Rescind Settlement, Enforcing Settlement Agreement, Authorizing Clerk of Court to Execute Quitclaim Deed and Vacating Escrow came on for hearing in Department 1 of this Court before the Honorable James P. Kleinberg.

Booker T. Wade appeared for moving party; David Hamerslough, Esq. appeared for Plaintiff.

Having read and considered the papers submitted by the parties, as well as oral argument presented at the hearing on Defendant's Motion, and good cause appearing there from pursuant to the Tentative Ruling received on June 7, 2010 attached as Exhibit "A",

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Vacate the Settlement is denied;

2. The Motion to disqualify Judge Silver as an arbitrator is denied;

3. The Motion to Vacate Orders Denying Motions to Rescind Settlement, Enforcing the Settlement Agreement, Authorizing Clerk of the Court to Execute Quitclaim Deed (to the Woodside property) and Vacating Escrow is denied;

4. The Motion to vacate the March 19, 2010 Order releasing the proceeds of the Woodside Property to Arlene Stevens is granted; and it is ordered that a motion to release these funds shall be re-noticed and reset. The court will entertain an advance setting of this motion; and

5. Defendant Wade's request to stay the Court litigation and arbitration is denied.

**SO ORDERED.**

DATED: 6/17, 2010.                       James P. Kleinberg
                                         HON. JAMES P. KLEINBERG

Approved as to form:

DATED: _____, 2010.            _____
                                         BOOKER T. WADE, In Pro Per

ORDER RE BOOKER T. WADE, JR.'S MOTION TO VACATE SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, TO TERMINATE ARBITRATION PROCEEDING AND VACATE ORDERS
S:\CL\D\D08115\PLEADINGS\Order re Wade's Mtn. to Vacate Settlement 06-08-10.doc

2

**EXHIBIT "A"**

**Calendar line 14**

**Case Name:** *Stevens v. Wade*
**Case No.:** 1-07-CV-090284

Defendant and Cross-Complainant's Motion to vacate settlement agreement DENIED. The Court will hear a motion relating to the disbursement of proceeds from the sale of the Woodside residence pursuant to the normal notice period.[2]

Defendant and Cross-Complainant's Motion to vacate settlement agreement was filed as a result of the recusal of Judge Jacobs-May on April 2, 2010. The history is as follows: The Settlement was recited on the record before Judge Jacobs-May on January 22, 2009. She disclosed on March 25, 2010 that she had three conversations regarding her potential employment with JAMS. The first conversation took place at "the beginning of" 2009, where Judge Jacobs-May stated that she loved settling cases, that she thought JAMS was a great organization, and that "this is a long ways out for me, and I don't know what I'm [going to be] doing." (Hearing Transcript 3:4-5, March 25, 2010.). The second conversation occurred on February 16, 2010, and the third took place on March 20, 2010.

C.C.P. Section 170.1(a)(8)(A) states that a judge shall be disqualified if, among other things, "The judge . . . is participating in, or, within the last two years has participated in, discussions regarding prospective employment or service as a dispute resolution neutral . . . and . . . (ii) The matter before the judge includes issues relating to the enforcement of either an agreement to submit a dispute to an alternative dispute resolution process or an award or other final decision by a dispute resolution neutral."

Section 170.1(a)(8)(B)(i) further states that "participating in discussions" or "has participated in discussions" means that the judge responded to the offer or unsolicited statement about employment by (1) expressing an interest in that employment or service, (2) making any inquiry regarding the employment or service, or (3) encouraging the person making the statement or offer to provide additional information about that possible employment or service. However, if a judge's response is limited to responding negatively, declining the offer, or declining to discuss such employment or service, that response does not constitute participating in discussions.

In this case, both parties agree that the second and third conversation that Judge Jacobs-May had about her potential employment with JAMS falls within the provisions of C.C.P. Section 170.1(a)(8)(A). Cross-Complainant Wade argues that the first conversation "at the beginning of" 2009 also falls within that provision, whereas Cross-Defendant Stevens argues that it does not. Judge Jacobs-May's statement is better read as a negative response that does not constitute "participating in discussions." Her statement about her love for settling cases, and her praise of JAMS, does indicate an interest in JAMS. However, her statement, "this is a long ways out for me," was a recognition that it was not a live option for her at the time. Taken together, her statements indicate a declination to discuss such employment at that point. Thus, Judge Jacobs-May did not participate in discussions about possible employment with JAMS in this first conversation, and it therefore does not fall under C.C.P. Section 170.1(a)(8)(A).

---

[2] It appears that Defendant's papers are not in compliance with Rule 2.104, California Rules of Court.

Wade further contends that this first conversation took place either before or concurrently with the Settlement agreement on January 22, 2009, even though the record only states that the conversation took place "at the beginning of last year." He does so in order to have grounds to vacate the entire Settlement agreement, even though the stated date is ambiguous.

. Wade himself concedes the strong hesitancy to disturb the Settlement, the arbitration and the ensuing orders, given the time and energy already invested. Because Judge Jacobs-May's responses are not within CCP §170.1(a)(8)(A), there is some ambiguity as to the time of this first conversation, and because of a strong preference to encourage settlements and to be flexible in enforcing settlements (See, e.g., *Estate of Dipinto* (1986) Cal.3d 625, 629), the Court denies the Motion to vacate the Settlement agreement.

The Court also DENIES Cross-Complainant's Motion to disqualify the arbitrator. C.C.P. Section 1281.91(d) states: "If any ground specified in Section 170.1 exists, a neutral arbitrator shall disqualify himself or herself upon the demand of any party made before the conclusion of the arbitration proceeding." There are no grounds to disqualify the arbitrator, Judge Silver, on any grounds specified in Section 170.1; therefore, Section 1281.91(d) is inapplicable. Further, as the appointment of Judge Silver as the arbitrator was part of the Settlement agreement, the appointment should not be vacated without a showing of good cause pursuant to C.C.P. Section 170.3(b)(4). None have been shown.

However, the Court vacates the Order of March 19, 2010 releasing the proceeds from the sale of the Woodside residence to Stevens as both parties agree the court should rehear this motion. A motion should be noticed consistent with the Court's calendar.

- oo0oo -

## Proof of Service By Mail

I declare that:

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action. My business address is United States Small Business Administration, 455 Market Street, 6th Floor, San Francisco, CA 94105-2420. I am readily familiar with the business practices of this office for collection and processing of correspondence by mailing with the United States Postal Service.

On December 5, 2011, I served the within:

**Case Management Statement and**
**(Proposed) Case Management Order**

on the parties addressed as shown below in said cause by placing a true and correct copy thereof in sealed envelopes for collection and mailing pursuant to the ordinary business practice of this office whereby correspondence for mailing is collected, postage is pre-paid and depositing with the United States Postal Service on the same day at San Francisco, California.

| Defendant: | Request for Notice: |
|---|---|
| Arlene D. Stevens | Booker Wade |
| P.O. Box 51310 | 1010 Corporation Way |
| Palo Alto, CA  94303 | Palo Alto, CA  94303 |

I declare under penalty of perjury under Federal law and laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 5, 2011, at San Francisco, California.

    /s/ Judy Ishizu _____
    Judy Ishizu
    Executive Secretary

CV11 2588 HRL- CASE MANAGEMENT CONFERENCE STATEMENT     6